1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RICHARD TISDALE,                          No.  2:22-cv-0069 DB

12                      Plaintiff,

13          v.                                   ORDER

14    KILOLO KIJAKAZI, Acting
      Commissioner of Social Security,[1]
15

16                      Defendant.

17    _____

18          This social security action was submitted to the court without oral argument for ruling on

19    plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[2]

20    Plaintiff's motion argues that the Administrative Law Judge's erred by finding that plaintiff did

21    not have a severe mental impairment, by failing to adequately consider the VA rating decision,

22    and by rejecting plaintiff's testimony.

23    ////

24    _____

25    [1] After the filing of this action Kilolo Kijakazi was appointed Acting Commissioner of Social
      Security and has, therefore, been substituted as the defendant.  See 42 U.S.C. § 405(g) (referring
26    to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the
      Commissioner shall, in his official capacity, be the proper defendant").

27    [2] Both parties have previously consented to Magistrate Judge jurisdiction over this action
28    pursuant to 28 U.S.C. § 636(c).  (See ECF No. 7.)

                                                  1

For the reasons explained below, plaintiff's motion is granted, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings.

## PROCEDURAL BACKGROUND

In April of 2020, plaintiff filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"), alleging disability beginning on July 20, 2018.  (Transcript ("Tr.") at 18, 192-98.)  Plaintiff's alleged impairments included PTSD, lumbosacral strain, arthritis, tendonitis, tinnitus, and traumatic brain injury.  (Id. at 72-73.) Plaintiff's application was denied initially, (id. at 101-05), and upon reconsideration.  (Id. at 114-18.)

Plaintiff requested an administrative hearing and a hearing was held before an Administrative Law Judge ("ALJ") on May 7, 2021.  (Id. at 35-71.)  Plaintiff was represented by an attorney and testified at the administrative hearing.  (Id. at 35-39.)  In a decision issued on September 28, 2021, the ALJ found that plaintiff was not disabled.  (Id. at 30.)   The ALJ entered the following findings:

> 1.  The claimant last met the insured status requirements of the Social Security Act on December 31, 2018.
>
> 2.  The claimant did not engage in substantial gainful activity during the period from his alleged onset date of July 20, 2018, through his date last insured of December 31, 2018 (20 CFR 404.1571 *et seq*.).
>
> 3.  Through the date last insured, the claimant had the following severe impairments: obstructive sleep apnea; gout; Mallory-Weiss syndrome and obesity (20 CFR 404.1520(c)).
>
> 4.  Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).
>
> 5.  After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except was limited to lifting 20 pounds occasionally and 10 pounds more frequently; stand and/or walk 6 cumulative hours out of an 8-hour workday; could sit for 6 cumulative hours; could occasionally climb ramps and stairs also ladders, ropes, scaffolds;

could occasionally stoop, kneel, crouch and crawl.  The individual could balance frequently.  The individual could have occasional contact with members of the general public.

6.  Through the date last insured, the claimant was unable to perform any past relevant work (20 CFR 404.1565).

7.  The claimant was born [in] 1965 and was 53 years old, which is defined as an individual closely approaching advanced age, on the date last insured (20 CFR 404.1563).

8.  The claimant has at least a high school education (20 CFR 404.1564).

9.  Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10.  Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569 and 404.1569(a)).

11.  The claimant was not under a disability, as defined in the Social Security Act, at any time from July 20, 2018, the alleged onset date, through December 31, 2018, the date last insured (20 CFR 404.1520(g)).

(Id. at 20-30.)

On November 26, 2021, the Appeals Council denied plaintiff's request for review of the ALJ's September 28, 2021 decision.  (Id. at 1-5.)  Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on January 11, 2022.  (ECF. No. 1.)

**LEGAL STANDARD**

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error."  Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

////

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" <u>Robbins v. Soc. Sec. Admin.</u>, 466 F.3d 880, 882 (9th Cir. 2006) (quoting <u>Hammock v. Bowen</u>, 879 F.2d 498, 501 (9th Cir. 1989)).  If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm."  <u>McCartey v. Massanari</u>, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; <u>see also</u> <u>Parra v. Astrue</u>, 481 F.3d 742, 746 (9th Cir. 2007).  The five-step process has been summarized as follows:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
>
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

<u>Lester v. Chater</u>, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  <u>Bowen v. Yuckert</u>, 482 U.S. 137, 146 n. 5 (1987).  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  <u>Id.</u>; <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

Plaintiff's pending motion asserts the following three principal claims: (1) the ALJ's erred at step two by finding that plaintiff did not have a severe mental impairment; (2) the ALJ's

////

4

1  treatment of the plaintiff's testimony constituted error; and (3) the ALJ erred by dismissing the
2  VA Rating Decision.[3]  (Pl.'s MSJ (ECF No. 16) at 14-25.[4])

3  **I.      Step Two Error**

4          Plaintiff argues that the ALJ erred at step two of the sequential evaluation by finding that
5  plaintiff did not suffer a severe mental impairment.  (Id. at 15-21.)  At step two of the sequential
6  evaluation, the ALJ must determine if the claimant has a medically severe impairment or
7  combination of impairments.  Smolen v. Chater, 80 F.3d 1273, 1289-90 (9th Cir. 1996) (citing
8  Yuckert, 482 U.S. at 140-41).  The Commissioner's regulations provide that "[a]n impairment or
9  combination of impairments is not severe if it does not significantly limit [the claimant's]
10 physical or mental ability to do basic work activities."  20 C.F.R. §§ 404.1521(a) & 416.921(a).
11 Basic work activities are "the abilities and aptitudes necessary to do most jobs," and those
12 abilities and aptitudes include:  (1) physical functions such as walking, standing, sitting, lifting,
13 and carrying; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and
14 remembering simple instructions; (4) use of judgment; (5) responding appropriately to
15 supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine
16 work setting.  20 C.F.R. §§ 404.1521(b) & 416.921(b).

17         The Supreme Court has recognized that the Commissioner's "severity regulation increases
18 the efficiency and reliability of the evaluation process by identifying at an early stage those
19 claimants whose medical impairments are so slight that it is unlikely they would be found to be
20 disabled even if their age, education, and experience were taken into account."  Yuckert, 482 U.S.
21 at 153.  However, the regulation must not be used to prematurely disqualify a claimant.  Id. at 158
22 (O'Connor, J., concurring).  "An impairment or combination of impairments can be found not
23 severe only if the evidence establishes a slight abnormality that has no more than a minimal effect
24 on an individual[']s ability to work."  Smolen, 80 F.3d at 1290 (internal quotation marks and
25 citation omitted).

26 ──────────────
[3] The Court has reordered plaintiff's claims for sake of clarity and efficiency.

27
28 [4] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

1    "[A]n ALJ may find that a claimant lacks a medically severe impairment or combination

2    of impairments only when his conclusion is 'clearly established by medical evidence.'" Webb v.

3    Barnhart, 433 F.3d 683, 687 (9th Cir. 2005) (quoting Social Security Ruling ("SSR") 85-28); see

4    also Ukolov v. Barnhart, 420 F.3d 1002, 1006 (9th Cir. 2005) (claimant failed to satisfy step two

5    burden where "none of the medical opinions included a finding of impairment, a diagnosis, or

6    objective test results").  "Step two, then, is 'a de minimis screening device [used] to dispose of

7    groundless claims[.]'"  Webb, 433 F.3d at 687 (quoting Smolen, 80 F.3d at 1290); see also

8    Edlund v. Massanari, 253 F.3d 1152, 1158-59 (9th Cir. 2001) (discussing this "de minimis

9    standard"); Tomasek v. Astrue, No. C-06-07805 JCS, 2008 WL 361129, at *13 (N.D. Cal.

10   Feb.11, 2008) (describing claimant's burden at step two as "low").

11        When the ALJ determines the presence of a mental impairment at step two of the

12   sequential evaluation 20 C.F.R. § 404.1520a "requires those reviewing an application for

13   disability to follow a special psychiatric review technique." Keyser v. Commissioner Social Sec.

14   Admin., 648 F.3d 721, 725 (9th Cir. 2011).

15           Under the special-technique regulation, if the ALJ determines that a
             mental impairment exists, he "must specify the symptoms, signs, and
16           laboratory findings that substantiate the presence of the
             impairment(s) and document [his] findings."   [20 C.F.R.] §
17           404.1520a(b)(1).  The ALJ must also document "a specific finding
             as to the degree of limitation in each of" the four areas of functional
18           limitation listed in § 404.1520a(c)(3).  Id. § 404.1520a(e)(4).  In the
             first three areas of functional limitations—(a) activities of daily
19           living, (b) social functioning, and (c) concentration, persistence, or
             pace—the ALJ must rate the degree of limitation using "the
20           following five-point scale: None, mild, moderate, marked, and
             extreme."   Id. § 404.1520a(c)(4). The ALJ must rate the fourth
21           functional area—(d) episodes of decompensation—using "the
             following four-point scale: None, one or two, three, four or more."
22           Id.  Next, the ALJ must determine if the mental impairment is severe,
             and if so, whether it qualifies as a listed impairment.   Id. §
23           404.1520a(d).  If the mental impairment is severe but is not a listed
             impairment, the ALJ must assess the claimant's RFC in light of how
24           the impairment constrains the claimant's work abilities.  See id. §
             404.1520a(d)(3).  The regulation specifically provides that the ALJ
25           must document all of the special technique's steps.   Id. §
             404.1520a(e)(4).
26

27   Patterson v. Commissioner of Social Security Administration, 846 F.3d 656, 659 (4th Cir. 2017).

28   ////

                                                  6

1    Here, the ALJ found that plaintiff's "medically determinable mental impairments of PTSD

2    and depression" were "nonsevere" because they "did not cause more than minimal limitation in

3    [plaintiff's] ability to perform basic mental work activities[.]" (Tr. at 21.)  The ALJ then

4    "considered the broad functional areas of mental functioning . . .  known as the 'paragraph B'

5    criteria."  (Id.)  That analysis and the conclusions reached by the ALJ are entirely unclear.

6    For example, in evaluating plaintiff's ability to interact with others the ALJ noted that

7    plaintiff's former counselor "commented that the claimant could not got out alone."  (Id.)  That

8    plaintiff's wife "commented that plaintiff did not feel comfortable leaving the house."  (Id.)  And

9    that plaintiff "got along with authority figures depending on their demeanor and his mood."  (Id.)

10   From this the ALJ asserted that plaintiff had only a "mild limitation" in interacting with others.

11   (Id.)  How the ALJ arrived at that determination, however, is entirely unexplained.  See generally

12   Arnett v. Astrue, 676 F.3d 586, 591-92 (7th Cir. 2012) (ALJ must explain "analysis of the

13   evidence with enough detail and clarity to permit meaningful review").  The actual degree of

14   plaintiff's impairment is further confounded by the ALJ's finding later in the sequential

15   evaluation that "some limitations with respect to public contact" was necessary.  (Tr. at 27.)

16   The ALJ's evaluation also repeatedly relies on "a neurological examination in 2018," that

17   asserted that plaintiff "was able to follow complex commands."  (Tr. at 21-22.)  The

18   "neurological examination" relied on by the ALJ, however, was simply a visit to evaluate plaintiff

19   for sleep apnea.  (Id. at 424.)  Why so much reliance should be placed on a single office visit for

20   sleep apnea treatment with respect to plaintiff's PTSD and depression is also entirely unclear.

21   Accordingly, the Court finds that plaintiff is entitled to summary judgment on this claim.

22   **II.    Plaintiff's Subjective Testimony**

23   Plaintiff also argues that the ALJ's decision to reject plaintiff's testimony was erroneous.

24   (Pl.'s MSJ (ECF No. 16) at 22-25.)  The Ninth Circuit has summarized the ALJ's task with

25   respect to assessing a claimant's credibility as follows:

26
27
28

> To determine whether a claimant's testimony regarding subjective
> pain or symptoms is credible, an ALJ must engage in a two-step
> analysis.  First, the ALJ must determine whether the claimant has
> presented objective medical evidence of an underlying impairment
> which could reasonably be expected to produce the pain or other

7

symptoms alleged.  The claimant, however, need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom.  Thus, the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged.

Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so[.]

Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (citations and quotation marks omitted).  "The clear and convincing standard is the most demanding required in Social Security cases."  Moore v. Commissioner of Social Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002).  "At the same time, the ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking[.]"  Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012).

"The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints."[5]  Valentine v. Commissioner Social Sec. Admin., 574 F.3d 685, 693 (9th Cir. 2009) (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)).  In weighing a claimant's credibility, an ALJ may consider, among other things, the "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains."  Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792

////

---

[5] In March 2016, Social Security Ruling ("SSR") 16-3p went into effect.  "This ruling makes clear what our precedent already required: that assessments of an individual's testimony by an ALJ are designed to 'evaluate the intensity and persistence of symptoms after the ALJ finds that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms,' and not to delve into wide-ranging scrutiny of the claimant's character and apparent truthfulness."  Trevizo v. Berryhill, 871 F.3d 664, 679 (9th Cir. 2017) (quoting SSR 16-3p) (alterations omitted).

1  (9th Cir. 1997)).  If the ALJ's credibility finding is supported by substantial evidence in the

2  record, the court "may not engage in second-guessing."  Id.

3         Here, after evaluating the evidence of record that ALJ simply asserted that plaintiff's

4  "medically determinable impairments could reasonably be expected to cause the alleged

5  symptoms" but that plaintiff's "statements concerning the intensity, persistence and limiting

6  effects of these symptoms are not entirely consistent with the medical evidence and other

7  evidence in the record for the reasons explained in this decision."[6]  (Tr. at 27.)  The ALJ then

8  asserted, in a vague and conclusory manner, that plaintiff's allegations were "inconsistent with

9  the medical evidence" as well as plaintiff's "activities of daily living."  (Id. at 28.)  To what

10 allegations the ALJ was referring is unstated.

11        Moreover, "after a claimant produces objective medical evidence of an underlying

12 impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of

13 medical evidence to fully corroborate the alleged severity" of the symptoms.  Burch v. Barnhart,

14 400 F.3d 676, 680 (9th Cir. 2005); see also Putz v. Astrue, 371 Fed. Appx. 801, 802-03 (9th Cir.

15 2010) ("Putz need not present objective medical evidence to demonstrate the severity of her

16 fatigue."); Lingenfelter, 504 F.3d at 1036 ("the ALJ may not reject subjective symptom testimony

17 . . . simply because there is no showing that the impairment can reasonably produce the degree of

18 symptom alleged."); Bunnell v. Sullivan, 947 F.2d 341, 347 (9th Cir. 1991) ("If an adjudicator

19 could reject a claim for disability simply because a claimant fails to produce medical evidence

20 supporting the severity of the pain, there would be no reason for an adjudicator to consider

21 anything other than medical findings.").

22

23 [6] "ALJs routinely include this statement in their written findings as an introduction to the ALJ's
   credibility determination" before "identify[ing] what parts of the claimant's testimony were not
24 credible and why."  Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1103 (9th Cir.
   2014).  "The use of this generic language is not itself reversible error . . . but it inverts the
25 responsibility of an ALJ, which is first to determine the medical impairments of a claimant based
   on the record and the claimant's credible symptom testimony and only then to determine the
26 claimant's RFC.  By rejecting a claimant's subjective symptoms 'to the extent they are
   inconsistent with the above residual functional capacity assessment,' the agency indicates that it
27 is failing properly to incorporate a claimant's testimony regarding subjective symptoms and pain
   into the RFC finding, as it is required to do."  Trevizo, 871 F.3d at 679 n.6.
28

1    With respect to plaintiff's activities of daily living, the ALJ referenced plaintiff's ability to

2    drive a car, shop for groceries, shop online, care for chickens and dogs, and clean "his garage

3    over the weekend." (Id.)

> The critical differences between activities of daily living and
> activities in a full-time job are that a person has more flexibility in
> scheduling the former than the latter, can get help from other persons
> ... and is not held to a minimum standard of performance, as she
> would be by an employer. The failure to recognize these differences
> is a recurrent, and deplorable, feature of opinions by administrative
> law judges in social security disability cases.

8    Bjornson v. Astrue, 671 F.3d 640, 647 (7th Cir. 2012).

9    In this regard, the Ninth Circuit "has repeatedly asserted that the mere fact that a plaintiff

10   has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking

11   for exercise, does not in any way detract from her credibility as to her overall disability. One

12   does not need to be utterly incapacitated in order to be disabled." Vertigan v. Halter, 260 F.3d

13   1044, 1050 (9th Cir. 2001); see also Garrison v. Colvin, 759 F.3d 995, 1016 (9th Cir. 2014)

14   (citation omitted) ("[I]mpairments that would unquestionably preclude work and all the pressures

15   of a workplace environment will often be consistent with doing more than merely resting in bed

16   all day."); Howard v. Heckler, 782 F.2d 1484, 1488 (9th Cir. 1986) ("to find Howard's claim of

17   disability gainsaid by his capacity to engage in periodic restricted travel, as the Council seems to

18   have done, trivializes the importance that we consistently have ascribed to pain testimony").

19   Under these circumstances the Court cannot find that the ALJ provided a clear and

20   convincing reason for rejecting plaintiff's testimony. See Smith v. Kijakazi, 14 F.4th 1108, 1113

21   (9th Cir. 2021) ("to reject the specific portions of the claimant's testimony that the ALJ has found

22   not to be credible, we require that the ALJ provide clear and convincing reasons relevant to that

23   portion"); Brown-Hunter v. Colvin, 806 F.3d 487, 494 (9th Cir. 2015) ("Our review of the ALJ's

24   written decision reveals that she did not specifically identify any such inconsistencies; she simply

25   stated her non-credibility conclusion and then summarized the medical evidence supporting her

26   RFC determination. This is not the sort of explanation or the kind of 'specific reasons' we must

27   have in order to review the ALJ's decision meaningfully, so that we may ensure that the

28   claimant's testimony was not arbitrarily discredited."); Treichler, 775 F.3d at 1103 ("An ALJ's

1   'vague allegation' that a claimant's testimony 'is not consistent with the objective medical

2   evidence,' without any 'specific findings in support' of that conclusion is insufficient for our

3   review."); Christine G. v. Saul, 402 F.Supp.3d 913, 925 (C.D. Cal. 2019) ("the ALJ did not

4   identify the testimony she was discounting and 'link that testimony to the particular parts of the

5   record' supporting her determination").

6          Accordingly, the Court finds that plaintiff is also entitled to summary judgment on the

7   claim that the ALJ's treatment of plaintiff's subjective testimony constituted error.

8                                        **CONCLUSION**

9          After having found error, "'[t]he decision whether to remand a case for additional

10  evidence, or simply to award benefits[,] is within the discretion of the court.'"[7] Trevizo v.

11  Berryhill, 871 F.3d 664, 682 (9th Cir. 2017) (quoting Sprague v. Bowen, 812 F.2d 1226, 1232

12  (9th Cir. 1987)).  A case may be remanded under the "credit-as-true" rule for an award of benefits

13  where:

14               (1) the record has been fully developed and further administrative
                 proceedings would serve no useful purpose; (2) the ALJ has failed to
15               provide legally sufficient reasons for rejecting evidence, whether
                 claimant testimony or medical opinion; and (3) if the improperly
16               discredited evidence were credited as true, the ALJ would be
                 required to find the claimant disabled on remand.
17

18  Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014).

19         Even where all the conditions for the "credit-as-true" rule are met, the court retains

20  "flexibility to remand for further proceedings when the record as a whole creates serious doubt as

21  to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at

22  1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court

23  concludes that further administrative proceedings would serve no useful purpose, it may not

24

25  [7] Having already identified errors requiring remand the Court finds it unnecessary to reach
    plaintiff's remaining claim of error.  See Janovich v. Colvin, No. 2:13-cv-0096 DAD, 2014 WL
26  4370673, at *7 (E.D. Cal. Sept. 2, 2014) ("In light of the analysis and conclusions set forth above,
    the court need not address plaintiff's remaining claims of error."); Manning v. Colvin, No. CV
27  13-4853 DFM, 2014 WL 2002213, at *2 (C.D. Cal. May 15, 2014) ("Because the Court finds that
    the decision of the ALJ must be reversed on the basis of the stooping limitation, the Court need
28  not address Plaintiff's remaining contentions.").

1    remand with a direction to provide benefits."); <u>Treichler v. Commissioner of Social Sec. Admin.</u>,

2    775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is

3    uncertain and ambiguous, the proper approach is to remand the case to the agency.").

4       Here, plaintiff argues that "remand is required for the proper evaluation of the evidence."

5    (Pl.'s Reply (ECF No. 26) at 6.)  The Court agrees.

6       Accordingly, IT IS HEREBY ORDERED that:

7       1.  Plaintiff's motion for summary judgment (ECF No. 16) is granted;

8       2.  Defendant's cross-motion for summary judgment (ECF No. 23) is denied;

9       3.  The Commissioner's decision is reversed;

10      4.  This matter is remanded for further proceedings consistent with the order; and

11      5.  The Clerk of the Court shall enter judgment for plaintiff and close this case.

12   Dated:  March 27, 2023

14

15                  DEBORAH BARNES
                 UNITED STATES MAGISTRATE JUDGE

22   DLB:6
23   DB\orders\orders.soc sec\tisdale0069.ord